# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **SHARON ARMSTRONG,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|   vs. | )   Case number 4:13cv0438 TCM |
| | ) |
| **CAROLYN W. COLVIN, Acting** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
|    **Defendant.** | ) |

## MEMORANDUM AND ORDER

    This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, the Acting Commissioner of Social Security (Commissioner), denying Sharon Armstrong's (Plaintiff) application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. § 401-433.[1]  Plaintiff has filed a brief in support of her complaint, the Commissioner has filed an unopposed motion to remand.

    Plaintiff applied for DIB in April 2010, alleging she was disabled by residuals from an anterior cervical discectomy, residuals of a left shoulder rotator tear, degenerative disc disease of the cervical spine, herniated nucleus pulposus at C5-6 and C6-7 with radiculopathy, and headaches.  Her application was denied initially and after an administrative hearing at which only she testified.  The Appeals Council then denied her

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties.  See 28 U.S.C. § 636(c).

request for review, thereby adopting the adverse decision of the Administrative Law Judge (ALJ) as the final decision of the Commissioner.

In her supporting brief, Plaintiff argues that the ALJ erred in not eliciting testimony from a vocational expert after finding that she had significant manipulative limitations. In her motion to remand, the Commissioner states that testimony will be elicited from a vocational expert when a new hearing is held on remand.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[2] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (footnote added). The Commissioner's unopposed motion is properly considered a sentence four remand. See **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion to remand after answer has been filed was appropriately made pursuant to sentence four). It will be granted.

Accordingly,

---

[2]Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

**IT IS HEREBY ORDERED** that the motion of the Commissioner to reverse and remand is **GRANTED** [Doc. 25] and that this case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings as outlined in the motion.

An appropriate Order of Remand shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  7th  day of January, 2014.